LOLLEY, J.,
dissenting.
|TI respectfully dissent from the ruling of the majority in this matter. I submit that the actions of one David McFarlin, president of Blue Phoenix Trading Company d/b/a Action Taxi, in the hiring of one Brian Horn as a taxi cab driver was negligence to the point of denying him the protection of the classic corporate veil.
Brian Horn was and is a convicted sex offender. He was imprisoned in the state of Missouri for his crimes of felony sexual assault and was released in 2007. Horn made his way to the Shreveport, Louisiana area seeking employment. The record clearly shows that he was subsequently interviewed by Mr. David McFarlin to drive a taxi. McFarlin, at the time of Horn’s employment, was president of Blue Phoenix Trading Company d/b/a Action Taxi. The record also shows that technically Horn was employed by a subcontractor Moore’s Consulting. However, the vehicle(s) he operated were marked Action Taxi. McFarlin, at the time of his employment had full knowledge that Horn was a convicted sex offender.
*389 I am of the opinion that all cases must be reviewed considering the particular and peculiar facts and circumstances presented. Here, McFarlin hired Horn to drive a taxi for one of his companies with full knowledge that he was a convicted sex offender. (How Horn was issued a permit to operate a public conveyance such as a taxi cab, considering his status as a registered sex offender, is a very valid question, but not at issue here.) As a direct result of McFarlin’s actions, Horn then had unfettered access to the streets and highways of Caddo Parish and other areas of northwest Louisiana in furtherance of his employment.
|⅞1 am in agreement with the writer that the operative question in this case is whether McFarlin owed a personal duty to the victim of the crime, or in fact all other persons in this area, to protect them from the risk of sexual assault and murder at the hands of a taxi driver employed or contracted by McFarlin. Considering the particular facts and circumstances of this case, I am of the opinion that he absolutely had a personal duty, primarily because of the nature of the employment. Horn had ongoing and constant contact with the general public. He was a roving, rolling risk at all times. With full knowledge that Horn was a convicted sexual offender, McFarlin personally placed Horn in an unsupervised position where he had direct access to and contact with the public at large and continuing opportunity to prey upon them.
The factual situation does satisfy the cause-in-fact element in that it directly facilitated Horn’s unchecked mobility in the area. This unchecked mobility allowed Horn to set the stage and ultimately lure the victim into a vehicle thinking he was going to have an encounter with a teenage girl. As the result of this expected encounter Justin Bloxom was murdered by Brian Horn.
I am of the opinion that the actions of Mr. David McFarlin, acting in his capacity as president of the corporation, in the hiring of this convicted sexual offender to operate a taxi cab for one of his corporations was, in fact, negligence per se. This overt degree of negligence should not allow him to stand in the shadows of the corporate veil to avoid personal responsibility for the murder of Justin Bloxom. Accordingly, I respectfully dissent.